FILED
JUL 18 2007
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:07CR155-MHT |
| ) | [18 U.S.C. § 1349; |
| CECILY LOTIA PROVO, ) | 18 U.S.C. § 1344; |
| a/k/a CeCe, a/k/a CC, ) | 18 U.S.C. § 1028A; |
| ORLANDO EARL GADSON, ) | 18 U.S.C. § 1001; |
| a/k/a "Big Daddy," ) | 18 U.S.C. § 2] |
| SHONQUITA L. CARTER, ) | |
| a/k/a "Quita," and ) | INDICTMENT |
| SYLVIA LASHAY COMER. ) | |

The Grand Jury charges:

## COUNT 1
## CONSPIRACY TO COMMIT BANK FRAUD

1. At all times relevant to this Indictment, Cecily Lotia Provo, Orlando Earl Gadson, Shonquita L. Carter, Sylvia LaShay Comer, and Taneshia Michelle Lawson have been residents of the Middle District of Alabama. From approximately 1998 and continuing until the present, the exact dates being unknown to the Grand Jury, Provo has either received the proceeds of stolen checks or participated in schemes to cash stolen checks. Provo buys stolen checks from others and recruits others to cash stolen checks with her.

2. At all times relevant to this Indictment, Regions Bank, Max Credit Union, AmSouth, and Community Bank & Trust were financial institutions as defined in Title 18, United States Code, Section 20.

3. From at least on or about October 2006 and continuing until the present, the exact dates being unknown to the Grand Jury, in the Middle District of Alabama, and elsewhere, defendants,

**CECILY LOTIA PROVO,**
**ORLANDO EARL GADSON,**
**SHONQUITA L. CARTER, and**
**SYLVIA LASHAY COMER,**

along with Lawson, and other persons both known and unknown to the Grand Jury, did combine, conspire, confederate, and agree among themselves and each other, to knowingly and willfully execute and attempt to execute a scheme and artifice to obtain moneys, funds, and assets owned by and under the custody and control of a financial institution by means of materially false and fraudulent pretenses, representations, and promises, contrary to Title 18, United States Code, Section 1344, which scheme and artifice is described below.

4. Typically, Provo maintained custody of the victim's checkbook and oftentimes instructed the other members of the conspiracy on how to write the checks. Usually Provo filled some of the information on the check including a false date of birth and driver's license number. Gadson, Carter, Comer, Lawson, and others would then fill in the rest of the information on the check during the completion of the transaction. Other times, Provo would accompany and assist the other members of the conspiracy during the transaction.

5. From October 2006 through on or about December 2006, Provo, Gadson, Carter, Comer, Lawson, and other persons both known and unknown to the Grand Jury

cashed checks stolen from at least three victims: "JH," "LC," and "EC," written on accounts from Regions Bank and Max Credit Union.

6. On or about May 24, 2007, AmSouth and Community Bank & Trust checkbooks, among others, from several other victims, including "RB" and "RC" were discovered at Provo's residence. Checks from these series of checkbooks, were fraudulently negotiated from on or about April, 2007 until on or about May, 2007 after the accounts had been closed.

7. It was part of the scheme that checks were stolen from or fraudulently ordered on behalf of at least five victims: "JH," "LC," and "EC," "RB," and "RC." Provo, Gadson, Carter, Comer, and Lawson and other persons both known and unknown to the Grand Jury, then forged and negotiated various checks and attempted to do the same at merchants in the Middle District of Alabama and elsewhere in order to receive goods and services to which they were not entitled.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-22 – BANK FRAUD

8. The allegations set forth in paragraphs 1 through 7 of this Indictment are hereby realleged as if set forth herein.

9. Between approximately on or about October 14, 2006, and on or about October 31, 2006, the exact dates being unknown to the Grand Jury, in the Middle District of Alabama, and elsewhere, the defendants as indicated below, while aiding and abetting each other and other persons both known and unknown to the Grand Jury, and while being aided

and abetted by the same, did knowingly and willfully execute and attempt to execute a scheme and artifice to obtain moneys, funds, and assets owned by and under the custody and control of a financial institution by means of materially false and fraudulent pretenses, representations, and promises, which scheme and artifice is described below.

10. It was part of the scheme that checks were stolen from or fraudulently ordered on behalf of at least three victims: "JH," "LC," and "EC." Provo–and Comer, Carter, Gadsen, or Lawson–while aiding and abetting each other and other persons both known and unknown to the Grand Jury, and while being aided and abetted by the same, then forged and negotiated the checks and attempted to do the same at merchants in Middle District of Alabama and elsewhere in order to receive goods and services to which they were not entitled, as follows:

| Count | Defendant | Date | Amount of Check | Payor Bank Victim | Payee Merchant Victim | Check Victim | Check No. |
|---|---|---|---|---|---|---|---|
| 2 | Provo & Comer | 10-17-06 | $25.00 | Regions Bank | Kwik Shop Store | LC/EC | 1777 |
| 3 | Provo & Comer | 10-19-06 | $85.00 | Regions Bank | B&F Towing | LC/EC | 1753 |
| 4 | Provo & Comer | 10-19-06 | $230.34 | Max Credit Union | Bruno's | JH | 1146 |
| 5 | Provo & Comer | 10-23-06 | $25.00 | Regions Bank | Citgo | LC/EC | 1782 |
| 6 | Provo & Comer | 10-29-06 | $20.00 | Regions Bank | Citgo | LC/EC | 1785 |

| 7  | Provo & Comer   | 10-15-06 | $274.81 | Max Credit Union | Home Depo       | JH    | 1129 |
|----|-----------------|----------|---------|------------------|-----------------|-------|------|
| 8  | Provo & Carter  | 10-16-06 | $106.00 | Max Credit Union | Walgreens       | JH    | 1134 |
| 9  | Provo & Gadson  | 10-21-06 | $237.58 | Max Credit Union | Sneakers        | JH    | 1150 |
| 10 | Provo & Gadson  | 10-21-06 | $237.58 | Regions Bank     | Sneakers        | LC/EC | 1758 |
| 11 | Provo & Gadson  | 10-21-06 | $130.32 | Regions Bank     | Southern Family | LC/EC | 1762 |
| 12 | Provo & Gadson  | 10-22-06 | $183.58 | Regions Bank     | Sneakers        | LC/EC | 1765 |
| 13 | Provo & Gadson  | 10-22-06 | $164.28 | Regions Bank     | Walmart         | LC/EC | 1767 |
| 14 | Provo & Gadson  | 10-31-06 | $144.83 | Regions Bank     | Food World      | LC/EC | 1793 |
| 15 | Provo & Gadson  | 10-31-06 | $35.00  | Regions Bank     | Pace Car        | LC/EC | 1792 |
| 16 | Provo           | 10-15-06 | $201.43 | Max Credit Union | Dollar General  | JH    | 1128 |
| 17 | Provo           | 10-16-06 | $162.60 | Max Credit Union | Lowe's          | JH    | 1135 |
| 18 | Provo           | 10-19-06 | $85.12  | Max Credit Union | Rite Aid        | JH    | 1143 |
| 19 | Provo           | 10-20-06 | $138.83 | Max Credit Union | Big Lots        | JH    | 1147 |

| 20 | Provo | 10-21-06 | $132.18 | Max Credit Union | Hobby Lobby | JH | 1149 |
| 21 | Provo | 10-26-06 | $80.71 | Max Credit Union | Rite Aid | JH | 1138 |
| 22 | Provo | 10-30-06 | $36.35 | Max Credit Union | Interstate Oil | JH | 1140 |

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNTS 23-32 – AGGRAVATED IDENTITY THEFT

11. The allegations set forth in paragraphs 1 through 10 of this Indictment are hereby realleged as if set forth herein.

12. From on or about October 14, 2006, and to continuing until on or about October 31, 2006, in the Middle District of Alabama and elsewhere, the defendants as indicated below, while aiding and abetting each other and other persons both known and unknown to the Grand Jury, and while being aided and abetted by the same, during and in relation to an enumerated felony, namely, bank fraud as charged in the following counts of this Indictment, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is the following Alabama State Driver's License and Identity Numbers:

| Count | Defendant | Date | Victim | Last for Digits of Ala. ID or License | Corresponding Bank Fraud Count |
|---|---|---|---|---|---|
| 23 | Provo & Comer | 10-17-06 | A.C.C. | 6561 | 2 |
| 24 | Provo & Comer | 10-19-06 | S.S.B. | 4661 | 3 |
| 25 | Provo & Comer | 10-19-06 | J.H. | 8193 | 4 |
| 26 | Provo & Comer | 10-23-06 | C.C.D. | 3682 | 5 |
| 27 | Provo & Gadson | 10-21-06 | J.H. | 8193 | 9 |
| 28 | Provo | 10-15-06 | J.H. | 8193 | 16 |
| 29 | Provo | 10-16-06 | J.H. | 8193 | 17 |
| 30 | Provo | 10-20-06 | J.H. | 8193 | 19 |
| 31 | Provo | 10-21-06 | J.H. | 8193 | 20 |
| 32 | Provo | 10-26-06 | J.H. | 8193 | 21 |

All in violation of Title 18, United States Code, Section 1028A(a)(1) and 2..

## COUNT 33 – FALSE STATEMENTS

13.    The allegations contained in paragraphs 1 through 12 of this Indictment are hereby realleged and incorporated herein by reference.

14.    On or about February 2, 2007, in the Middle District of Alabama and elsewhere, defendant,

**CECILY LOTIA PROVO,**

did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the United States Postal Inspection Service, an agency within the executive branch of the United States, in that Provo, in response to questions posed to her by federal agents, first stated falsely that only Lawson and Gadson, and one other person had traveled to Auburn, Alabama in order to cash fraudulent checks at a Sneakers Store. In fact, as Provo well knew, she had driven Lawson and Gadson to Auburn and had cashed at least one fraudulent check at the Sneakers store on or about October 21, 2006. Provo additionally stated falsely–after being show a video of person engaging in a fraudulent check transaction at Interstate Oil–that she did not know who the person was in the video. In fact, as Provo well knew, she was the person who cashed the fraudulent check at Interstate Oil.

All in violation of Title 18, United States Code, Section 1001(a)(2).

A TRUE BILL:

Deputy /s/ Marilynn Pressley
Foreperson

LEURA G. CANARY
United States Attorney

CHRISTOPHER A. SNYDER
Assistant United States Attorney