**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

**UNITED STATES OF AMERICA** <>
<>
v.  <> **CASE NUMBER:  2:07-cr-155-MHT-TFM**
<>
**SYLVIA LASHAY COMER**  <>

## MOTION TO CONTINUE

**COMES NOW** Defendant Sylvia Lashay Comer, by and through her undersigned counsel, hereby petitioning this Honorable Court to **ENLARGE** the period for Ms. Comer to change her previously-entered plea of not guilty to the above-named crime.  Defendant Comer declares:

  1. This Court has scheduled Defendant Comer's trial on this matter for December 10, 2007.

  2.  The United States, by and through Assistant United States Attorney Chris Snyder, has solicited Defendant's co-operation in the prosecution of this matter.

  3.  Defendant Comer has agreed to fully and to completely co-operate with the United States, relative to this matter.  Defendant has therefore consented to reveal all information known to her, as well as to testify in any and all venues at which her testimony is sought by the United States.

  4.  Defendant Comer did, in fact, meet with USAA Snyder and a government agent at the United States Post Office on Catoma Street.  At this meeting, Defendant answered every question propounded to her by the United States.

  5.  Defendant Comer has tendered her comprehensive co-operation in the reasonable expectation of negotiating a conclusion to her case that would reasonably satisfy all parties, while not imposing the inherent burdens of a trial on this Honorable Court.

  6.  Defendant, undersigned counsel, and USAA Snyder discussed this common objective at that time, with no party making any firm commitments.

  7.  Counsel spoke with USAA Snyder, relative to this case, yesterday morning.  USAA Snyder indicated that a plea offer would be forthcoming by yesterday afternoon.

  8.  Counsel, having not heard from USAA Snyder, attempted to contact him late yesterday afternoon (approximately 4:30 P.M.).

  9.  Defendant Comer, and her undersigned counsel, emphasize their recognition of USAA Snyder's extensive caseload, which includes three current prosecutions of clients of counsel.

  10.  Inasmuch as Defendant is willing to consider a plea, inasmuch as Defendant must consult as to any such terms with her counsel, and inasmuch as she has no plea to consider at this time; Defendant Comer is unduly prejudiced by the current deadline of this morning to enter a change of plea, consistent with this Honorable Court's Pre-Trial Conference Order.

  11.  In <u>Ungar v. Sarafite</u>, 376 U.S. 575, 84 S.Ct. 847, 849-850 (1964), the United States Supreme Court (Justice White) held that "The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process..[.] <u>Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377.</u> "'Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality.'"  <u>Chandler v. Fretag, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4.</u> "'There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. <u>The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.</u>'" <u>Nilva v. United States, 352 U.S. 385, 77 S.Ct. 431, 1 L.Ed.2d 415</u>; *590 <u>Torres v. United States, 270 F.2d 252 (C.A.9th Cir.)</u>; cf. <u>United States v. Arlen, 252 F.2d 491 (C.A.2d Cir.)</u>. (emphasis added)

  12.  In <u>U.S. v. Olfano</u>, 503 F.3d 240 (C.A.3 [Pa] 2007),  the Third Circuit, United States Court of Appeals (Judge Sloviter), ruled that, "When presented with a motion for continuance, a court should consider the following factors: the efficient administration of criminal justice, the accused's rights, and the rights of other defendants whose trials may be delayed as a result of the continuance. *United States v. Fischbach & Moore, Inc.,* 750 F.2d 1183 (3d Cir.1984).

  13.  Out of an abundance of caution, Defendant Comer's counsel did not file this motion when he prepared it last evening.  However, as of 9:30 A.M. this morning, and due to no fault of USAA Snyder, Counsel nevertheless no longer has a reasonable time to confer with Defendant Comer as to the advisability of accepting a plea offer, even if one is received from the United States.

**WHEREFORE**, based on the above facts and legal precedents, Defendant Sylvia Lashay Comer -- consistent with the demands of justice and due to the deference necessary for judicial economy -- respectfully requests that this Honorable Court **GRANT** her motion to **ENLARGE** the time available for the United States and

Defendant to conclude a plea agreement in the instant case.

RESPECTFULLY SUBMITTED THIS 29th DAY OF NOVEMBER, 2007

_____
I.M. (Mike) Winter, Jr.  (WIN036)
Attorney For Sylvia Lashay Comer

Suite 300-A; 300 Water Street
Montgomery, Alabama  36104
(334)263-5787
WinterLegal@bellsouth.net

## Certificate of Service

I hereby certify that I have served a copy of this **Error! Reference source not found.** by electronic transmission to Mr. Christopher Snyder, Esquire, Assistant United States Attorney for the Middle District of Alabama.

DONE THIS 29TH DAY OF NOVEMBER, 2007

_____
I.M. (Mike) Winter, Jr.
Attorney For Sylvia Lashay Comer