IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07-cr-155-MHT-TFM |
| | ) | |
| SYLVIA LASHAY COMER, | ) | |
| | ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:            MIKE WINTER

ASSISTANT U.S. ATTORNEY:     CHRISTOPHER A. SNYDER

### COUNTS AND STATUTES CHARGED IN INDICTMENT:

| Count 1: | 18 U.S.C. § 1349 | (Conspiracy) |
| Counts 2-6: | 18 U.S.C. § 1344 | (Bank Fraud) |
| Counts 23-26: | 18 U.S.C. § 1028A | (Aggravated Identity Theft) |

### COUNT PLEADING TO PURSUANT TO PLEA AGREEMENT:

| Count 3: | 18 U.S.C. § 1349 | (Bank Fraud) |
| Count 24: | 18 U.S.C. § 1028A | (Aggravated Identity Theft) |

### PENALTIES BY COUNT – MAXIMUM PENALTY:

Count 3:                    18 U.S.C. § 1344     (Bank Fraud)

A term of imprisonment of not more than thirty years, and a fine of not more than $1,000,000, or both; a term of supervised release of not more than five years; an assessment fee of $100; and an order of restitution.

Count 24:                    18 U.S.C. § 1028A     (Aggravated Identity Theft)

A term of imprisonment of not less than two years per conviction in addition to the punishment provided for each of the underlying felony convictions, and a fine of not more than $250,000, or both; a term of supervised release of not more than one year; an assessment fee of $100; and an order of restitution.

## ELEMENTS OF THE OFFENSE:

Count 3:     18 U.S.C. § 1344     (Bank Fraud)

1.     That the Defendant executed or attempted to execute a scheme to obtain money, assets, or property from a financial institution by means of false or fraudulent pretenses, representations, or promises relating to a material fact, as charged;

2.     That the Defendant did so willfully with an intent to defraud;

3.     That the false or fraudulent pretenses, representations, or promises were material; and

4.     That the financial institution was federally insured or chartered.

Count 24:     18 U.S.C. § 1028A     (Aggravated Identity Theft)

1.     That the defendant knowingly used or possessed the "means of identification" of another person;

2     That the use or possession was without lawful authority, that is  without the authorization of the issuing government entity to use the means of identification; and

3.     That the use or possession was during and in relation to a violation of 18 U.S.C. §1344.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Christopher A. Snyder, Assistant United States Attorney, and Mike Winter, attorney for

the defendant, pursuant to Rules 11(c)(1)(A) and 11(c)(1)(C), Federal Rules of Criminal

Procedure, as Amended, have, with the authorization of the undersigned defendant, entered into

discussions with a view towards reaching a pretrial conclusion of the charges pending in the

Indictment in this case and a Plea Agreement has been reached by said parties.  The plea is being

submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and

11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted

by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and

proceed to trial. If the Court accepts this agreement, however, and defendant thereafter breaches

this agreement, this guilty plea may not be withdrawn.

## GOVERNMENT'S PROVISIONS

1.  For purposes of the calculation of defendant's offense level under the 2007 United

States Sentencing Guidelines, the government and the defendant agree that:

> a.  A 2-level decrease for acceptance of responsibility is applicable, see U.S.S.G. § 3E1.1(a), so long as, between the date of this agreement and the date of sentencing, defendant does not obstruct justice, commit any new federal or state offenses, or otherwise fail to accept responsibility for the offense conduct.

> b.  The government will move for an additional 1-level decrease based on defendant's timely notification of his intent to plead guilty, if that provision is applicable. See U.S.S.G. § 3E1.1(b).

> c.  The defendant will not file a motion for downward departure or argue for a downward departure, and the government will not file a motion for upward departure or argue for an upward departure.

> d.  Neither the defendant, nor the government will request or argue for a variance of the sentence imposed pursuant to the factors enumerated in 18 U.S.C. § 3553, as would otherwise been permitted under *United States v. Booker*.

2.  The government agrees, with the defendant, that the defendant will pay restitution

in an amount calculated by the Court.

3.  The government agrees, with the defendant, to a sentence as follows:

> a.  In regards to the defendant's statutory sentence, the parties agree that the defendant's aggravated identity theft conviction, shall run concurrent to her Guideline sentence related to her bank fraud. See U.S.S.G. § 2B1.6 and 18 U.S.C. § 1028A.

> b.  In regards to the defendant's bank fraud related Guidelines sentence, the parties agree to a sentence equal to the bottom of the applicable Guidelines

range as calculated by the Court, followed by a term of supervised release of five years.

5.     At sentencing, the Government will move to dismiss Counts 1, 2, 4-6, 23, and 25-26 of the Indictment against the defendant at sentencing.

6.     The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

1.     The defendant agrees to plead guilty to Counts 3 and 24 of the Indictment.

2.     The defendant agrees with the calculation of the offense level, the restitution calculation, and the sentence as set forth in paragraphs 1, 2, 3, 4, and 5 of the government's provisions.

3.     The defendant further agrees to the following:

a.     To forfeit any and all firearms in her possession.

b.     To not commit state, federal, or local crimes.

c.     To waive appeal and collateral attack as detailed below.

4.     The defendant understands that the while the United States Sentencing Guidelines are advisory, the defendant agrees to be sentenced in accordance with the Guidelines.

5.     The defendant agrees (1) that facts used to determine the defendant's Guideline offense level and sentence will be found by the Court by a preponderance of the evidence and (2) that the Court may consider any reliable evidence, including hearsay.

## FACTUAL BASIS

The defendant admits the allegations charged in Counts 3 and 24 of the Indictment and understands that the nature of the charge to which the plea is offered involves the following proof as to these Counts:

**Count 3:      Bank Fraud**

1.      On or about October 19, 2006, Sylvia LaShay Comer and Cecily Lotia Provo, while aiding and abetting each other and while being aided and abetted by the same, did knowingly and willfully execute and attempt to execute a scheme and artifice to obtain moneys, funds, and assets owned by and under the custody and control of a financial institution by means of materially false and fraudulent pretenses, representations, and promises.

2.      It was part of the scheme that checks were stolen from "LE/EC." Provo and Comer then fraudulently negotiated one of LE/EC's checks specifically, a $85.00 check written on LE/EC's Regions Bank account and cashed at a tendered to a B&F Towing within the Middle District of Alabama. Comer  and Provo knew that they were not entitled to present this check, that the check was stolen, and that were not entitled to the goods and services received.

3.      At the time, Regions Bank was a financial institutions as defined in Title 18, United States Code, Section 20.

**Count 23:      Aggravated Identity Theft**

4.      On or about October 19, 2006, in connection with the bank fraud charged in Count 3 of the Indictment, Comer, assisted by Provo, wrote the Alabama Driver's License number of S.B.B. on EC/LC's check, knowing that she did not have lawful authority to use,

possess, and transfer this number. S.B.B. is an actual person, who did not give Comer authority to use her Alabama Driver's License number.

### DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant specifically waives the right to appeal the sentence on the grounds that the sentencing guidelines are in any respect unconstitutional, or that any fact found by the Court for sentencing was not alleged in the Indictment, admitted by the Defendant, found by a jury, or found beyond a reasonable doubt. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel and prosecutorial misconduct, or to collaterally attack the sentence imposed on those grounds. But, other than those grounds, the defendant expressly waives the right to appeal or collaterally attack her conviction or sentence on any other ground.

Notwithstanding the above, the defendant reserves the right to file a direct appeal of an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either U.S.S.G. § 4A1.3 (from criminal history category) or § 5K2.O (from offense level). The defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure. Defendant knowingly and voluntarily

waives any rights defendant has under federal law to a jury determination of any fact affecting

Defendant's sentence.

        In return for the above waiver by the defendant, the Government does not waive its right

to appeal the sentence imposed in the instant case. The Government does not waive its right to

appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the

prosecution at any stage of the proceedings. Further, the parties agree that nothing in this

agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. §

3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. §

3742(b), the defendant is released from this waiver as to any issue the defendant may raise

pursuant to 18 U.S.C. § 3742(a).

### DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

        1.      The defendant, before entering a plea of guilty to Counts 3 and 24 of the

Indictment as provided for herein by said Plea Agreement, advises the Court that:

                a.      The discussions between the attorney for the government and the attorney

for the defendant towards reaching an agreed plea in this case have taken place with the

defendant's authorization and consent.

                b.      Other than as provided for under Rule 11(c)(1)(C), *Federal Rules of*

*Criminal Procedure*, the Defendant acknowledges that a breach of this Plea Agreement will not

entitle him to withdraw her guilty plea in this case. Defendant understands and acknowledges

that defendant's guilty plea will remain in full force and effect upon any breach of this agreement

by the defendant.

c.      The defendant further understands that, pursuant to Title 18, United States Code, Section 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing and submitting to the court or the government any financial statements, the defendant is representing that the statement is true and accurate to the best of the defendant's information, knowledge, and belief.

d.      The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

e.      The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

f.      The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later

-8-

be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

       g.     The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government, and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

       h.     The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

       i.     The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the respective Court.

       j.     The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

k.    The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

2.    The undersigned attorney for the government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

3.    The defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation

Officer and determined by the Court, may differ from that projected by defendant's counsel or the United States Attorney.

This 3RD day of December, 2007.

Respectfully submitted,
LEURA G. CANARY
UNITED STATES ATTORNEY

Christopher A. Snyder
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104

Louis V. Franklin
Chief, Criminal Division

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, Mike Winter.

Sylvia LaShay Comer
Defendant

12/4/07
Date

-11-

Mike Winter
Attorney for the Defendant

Date